# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND CONBOY and              §
BRENDAN GILSENAN                §
                                §
                                §
     *Plaintiffs,*              §        CASE NO. 3:18-cv-00224-MEM
                                §
v.                              §
                                §
                                §
                                §
THE CBE GROUP INC., et al.      §
                                §
     *Defendants.*              §

---

## DEFENDANT THE CBE GROUP, INC.'S
## BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

Defendant THE CBE GROUP, INC. ("CBE" or "Defendant"), by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, files the within Brief in Support of its Motion for Summary Judgment as follows:

## INTRODUCTION

Plaintiffs DESMOND CONBOY ("Conboy") and BRENDAN GILSENAN ("Gilsenan") (together referred to as "Plaintiffs") filed their Amended Complaint on March 5, 2018. Doc. 9. Plaintiffs allege claims against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection

Law, 73 Pa. C.S. § 201-1 *et seq*. ("PUTPCPL"), breach of contract, and unjust enrichment. Doc. 9. Defendant timely filed its Answer on March 19, 2018. Doc. 11.

Plaintiffs' allegations revolve around a commercial debt incurred for a piece of real property they purchased to open a restaurant: Ceoltas Restaurant/Tavern. Doc. 9; Doc. 1-2.[1] The property is located at 310 North Second Street, Harrisburg, PA 18360 in the Capitol District. Doc. 9.

Defendant has reached out to Plaintiffs multiple times regarding the lack of merit in Plaintiffs' claims, attempting to avoid intervention from this Court. However, Plaintiffs insist on proceeding forward with their case. Accordingly, Defendant now seeks summary judgment in its favor.

## ARGUMENTS AND AUTHORITIES

### A.    Standard of Law

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 n.6 (3d Cir. 2001). Summary judgment can be based on the "materials in the record, including depositions,

---

[1] Plaintiffs reference various exhibits in their Amended Complaint, yet no exhibits were attached to the Amended Complaint.  However, the exhibits referred to were included in Plaintiffs' original Complaint filed in state court and included in the Notice of Removal of this matter. Doc. 1-2.  As such, when CBE refers to the exhibits referenced in Plaintiffs' Amended Complaint, it will cite to both the Amended Complaint and original Complaint.

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56. The moving party bears the burden of showing that there are no genuine issues of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party points to evidence demonstrating that no genuine issue of material fact exists, the nonmoving party has the duty to set forth specific facts showing that a genuine issue of material fact does exist and that a reasonable fact-finder could rule in its favor." *Clark v. Richman*, 339 F. Supp. 2d 631, 635 (M.D. Pa. 2004).

The burden on demonstrating a genuine issue of material fact "is not a light one." *Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010). The non-moving party must show more than the mere existence of a scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculation and conclusory allegations will not suffice. *Clark*, 339 F. Supp. 2d at 635. When considering a motion for summary judgment, "all of the facts must be viewed in the light most favorable to, and all reasonable inferences must be drawn in favor of, the non-moving party." *Anderson*, 477 U.S. at 252.

**B.    Plaintiffs' claims are meritless and should be dismissed.**

   ***I.    The FDCPA does not apply to commercial debts.***

Plaintiffs allege that CBE attempted to collect a debt that it had no right to

3

collect. The FDCPA is "intended to apply 'only to debts contracted by consumers for personal, family or household purpose'; even the collection of commercial accounts is beyond its coverage." *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980) (citing Sen. Rep. No. 95-382 at 3, reprinted in (1977) U.S. Code Cong. & Admin. News at 1697). "Courts have consistently held that the FDCPA is not applicable to the collection of commercial debts." *Cronin v. Oakes*, 2014 WL 7398949, at *2 (E.D. Pa. Dec. 30, 2014) (citing cases holding that FDCPA does not apply to commercial debts); *see also Staub*, 626 F.2d at 278.

The undisputed evidence shows that the debt at issue in the instant case a commercial debt. Plaintiffs' own Complaint contains exhibits which conclusively prove this fact. Doc. 9; Doc. 1-2 at 15 – 30 (Buy/Sell Agreement of Ceoltas Restaurant/Tavern). The exhibits display that Plaintiffs obtained a small business loan and participated in a sale of *commercial* real estate. *Id*. Moreover, Plaintiff admits in their Amended Complaint that their small business loan (which was eventually referred to CBE for collection) was provided by the U.S. Small Business Administration ("USSBA"). Doc. 9. The USSBA provides loans to small businesses, not individual consumers. See https://www.sba.gov/funding-programs/loans (accessed July 10, 2019) ("The SBA works with lenders to provide loans to small businesses. The agency doesn't lend money directly to small business owners."). The fact that Plaintiffs are seeking relief under the FDCPA regarding a loan they

admittedly obtained from the USSBA is absurd. Clearly, such a debt does not qualify as a debt for a "personal, family or household purposes." *See* 15 U.S.C. § 1692a(5). As such, CBE requests that this Court grant summary judgment on this issue.

## II.      The PUTPCPL does not apply to commercial debts.

Plaintiffs allege that CBE violated the PUTPCPL "by engaging in deceptive and fraudulent practiced by attempting to collect on a debt in violation of 42 Pa.C.S. § 8103." Doc. 9. Parallel to the FDCPA, "the PUTPCPL does not create a cause of action for commercial debtors." *Sheehan v. Mellon Bank, N.A.*, 1995 WL 549018, at *2 (E.D. Pa. Sept. 13, 1995). Because the debt at issue is a commercial debt as discussed earlier, Plaintiffs' PUTPCPL claim has no merit and cannot succeed. As such, CBE respectfully requests that this Court grant summary judgment as to Plaintiffs' cause of action under the PUTPCPL.

## III.      There is no contract between Plaintiffs and Defendant.

Plaintiffs also claim that CBE is liable for breach of contract due to alleged violations of "the contractual terms of the trial modification." Doc. 9. However, CBE did not enter into any contract with Plaintiffs. Exhibit A.

In Pennsylvania, to support a claim for breach of contract, a plaintiff must allege: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contact; and (3) resultant damages." *Hollingsworth v. Range*

*Res.-Appalachia, LLC*, 2009 WL 3601586, at *3 (M.D. Pa. Oct. 28, 2009) (citations omitted). When there is no contract, there is also no breach of contract claim. *See id*.

Here, Plaintiffs have failed to present any evidence of a contract between Plaintiffs and Defendant. This is because there was, in fact, no such contract. Exhibit A. Because no contract exists, the breach of contract claim is baseless. As such, CBE respectfully requests that this Court grant summary judgment on this issue.

### IV.    *There was no unjust enrichment as Plaintiffs never made any payments to Defendant.*

Finally, Plaintiffs' allege that CBE has been unjustly enriched and added improper fees in the collection of Plaintiffs' debt. Doc. 9. Unjust enrichment occurs "when [a] plaintiff seeks to recover from [a] defendant for a benefit conferred under an unconsummated or void contract." *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris*, 171 F.3d 912, 936 (3d Cir. 1999). Under Pennsylvania law, in order for an unjust enrichment claim to succeed, both "(1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied" are required. *Meehan v. Cheltenham Twp*., 189 A.2d 593, 595 (Pa. 1963).

Here, Defendant has not been enriched in any way. Exhibit A. Plaintiffs never made any payments to CBE and Plaintiffs' cannot provided any evidence to the contrary. Exhibit A. Because there was no enrichment of any kind, let alone unjust enrichment, Plaintiffs' claim is meritless and cannot succeed. As such, CBE respectfully requests that this Court grant summary judgment on this issue.

**C.     Plaintiff is further entitled to summary judgment on all counts because of Plaintiff's deemed admissions.**

CBE served Requests for Admissions on Plaintiffs on September 28, 2018. Exhibit B.[2]  As of the date of this filing, over nine months after the Requests for Admissions were served, Plaintiffs have still failed to provide responses to CBE.

Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990).  Unanswered requests for admissions are deemed admitted automatically, and there is no requirement that a party moves the court to deem them admitted.  Fed. R. Civ. P. 36(a)(3).

Rule 36 allows litigants to "request admissions as to a broad range of matters, 'including ultimate facts, as well as applications of law to fact.'"  *Murphy v. Walsh (In re Walsh)*, Nos. 08-17767-JNF. 08-1372, 2010 Bankr. LEXIS 2106, at *19 (Bankr. D. Mass. 2010) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)). Deemed admissions are competent summary judgment evidence, and matters admitted under Rule 36 are "conclusively established unless the court on motion

---

[2] CBE also served Interrogatories and Requests for Production of Documents upon Plaintiffs, which have been omitted from Exhibit B.

permits withdrawal or amendment of the admission[s]." *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982).

The Third Circuit and others have held that "deemed admissions" under Fed. R. Civ. P. 36(a) are sufficient to support summary judgment. *See Goodman v. Mead Johnson Co.*, 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir. 1983).

Accordingly, the following facts are deemed admitted and cannot be overcome by any contradictory affidavit, testimony, or any other evidence presented by Plaintiffs at this late hour:

      a.     CBE did not violate the FDCPA.

      b.     CBE did not violate the PUTPCPL.

      c.     The debt at issue is not a "consumer debt" as defined by the FDCPA.

      d.     Plaintiffs and CBE did not enter into a contract.

      e.     CBE has not breached any contract it may have entered with Plaintiffs.

      f.     CBE has not been unjustly enriched.

Plaintiffs haves admitted that they cannot prove at least one essential element as to all of his claims against CBE.  As such, CBE respectfully requests that this Court enter summary judgment in favor of CBE on all counts.

## CONCLUSION

Because Plaintiffs' debt is a commercial debt rather than a consumer debt, Plaintiffs' FDCPA and PUTPCPL claims must fail. Further, Plaintiffs never entered into a contract with Plaintiffs, nor did CBE ever receive any payments from Plaintiffs. Accordingly, Defendant THE CBE GROUP, INC. respectfully requests that this Court grant its Motion for Summary Judgment, dismiss all claims against Defendant, and for any other relief Defendant is entitled to at law or in equity.

Respectfully Submitted,

Date: July 10, 2019

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: */s/ Justin M. Tuskan*
Justin M. Tuskan (PA 311235)
535 Smithfield Street, 8th Floor
Pittsburgh, PA 15222
Phone: (412) 918-1100
Fax: (412) 918-1199
jtuskan@metzlewis.com
*Attorneys for Defendant*
*The CBE Group, Inc.*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served upon all counsel of record this 10th day of July, 2019 via the Court's Electronic Filing System:

METZ LEWIS BRODMAN MUST O'KEEFE LLC

*/s/ Justin M. Tuskan*
Justin M. Tuskan